# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

---

**No. ACM 40239**

---

**UNITED STATES**
*Appellee*

**v.**

**Charles D. GARRON**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

---

Appeal from the United States Air Force Trial Judiciary

Decided 9 February 2023

---

*Military Judge:* Elijah F. Brown.

*Sentence:* Sentence adjudged on 8 September 2021 by GCM convened at Francis E. Warren Air Force Base, Wyoming. Sentence entered by military judge on 13 October 2021: Dishonorable discharge, confinement for 12 months, total forfeiture of pay and allowances, reduction to E-1, and a reprimand.

*For Appellant:* Major Alexandra K. Fleszar, USAF.

*For Appellee:* Lieutenant Colonel Thomas J. Alford, USAF; Major John P. Patera, USAF; Major Jay S. Peer, USAF; Major Brittany M. Speirs, USAF; Mary Ellen Payne, Esquire.

Before POSCH, RICHARDSON, and CADOTTE, *Appellate Military Judges*.

---

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

---

PER CURIAM:

A general court-martial composed of a military judge alone found Appellant guilty, in accordance with his pleas and a plea agreement, of one specification of sexual abuse of a child under 16 years of age on divers occasions, in violation

of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b.[1] As part of the plea agreement with the convening authority, Appellant waived his right to a trial by members and requested to be tried by military judge alone. The plea agreement established a maximum of 12 months' confinement but imposed no other limitations on the sentence. The military judge sentenced Appellant to a dishonorable discharge, confinement for 12 months, total forfeiture of pay and allowances, reduction to the grade of E-1, and a reprimand.

Appellant asserts one assignment of error, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982): that the record of trial is substantially incomplete in that it omits the recording of the preliminary hearing and a preliminary hearing exhibit containing the complaining witness's interview.

Finding no error that materially prejudiced a substantial right of Appellant and concluding that the sentence is correct in law and fact and should be approved, we affirm the findings and sentence.

## I. BACKGROUND

In 2019, on two occasions, Appellant touched over the clothing the vulva of VG, the 10-year-old daughter of close family friends and a fellow squadron member. On both occasions, Appellant visited the home of those friends on Francis E. Warren Air Force Base, Wyoming. Appellant had VG sit on his lap, then Appellant touched VG's vulva over the clothes for approximately 10 to 15 minutes on the first occasion, and 10 minutes on the second occasion. Each time Appellant touched VG's vulva it was with the intent to gratify his sexual desire.

At Appellant's court-martial, the military judge accepted his pleas and announced findings of guilty. On 10 December 2021, the court reporter certified that "the Record of Trial [w]as accurate and complete in accordance with [Rule for Courts-Martial (R.C.M.)] 1112(b)." On 26 January 2022, the record was docketed with this court. Attached to the record is a Preliminary Hearing Officer (PHO) report for an Article 32, UCMJ, 10 U.S.C. § 832, hearing held on 16 April 2021. During Appellant's preliminary hearing, PHO Exhibit 4 was provided to, reviewed by, and sealed by the PHO. The PHO report describes the exhibit as a recording of the victim's child forensic interview consisting of two video files; however, the item marked PHO Exhibit 4 contained in the court's record was not a recording of the victim's child forensic interview. Rather, the disc contained a recording of another child forensic interview which

---

[1] All offenses were committed after 1 January 2019. All references in this opinion to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

was not introduced at the preliminary hearing. Additionally, the PHO report failed to include an audio recording of the proceeding as an attachment.

On 2 December 2022, we ordered the Government to obtain and file a motion to attach to the record: "(1) [t]he recording of Appellant's preliminary hearing conducted on 23 April 2021; and (2) [t]he recording of VG's child forensic interview consisting of two video files offered by the Government at Appellant's preliminary hearing as PHO Exhibit 4, which were considered by the PHO."

On 14 December 2022, in response to our order, the Government moved to attach a copy of PHO Exhibit 4 and the recording of the Article 32, UCMJ, hearing.[2] On 18 January 2023, we granted the Government's motion.[3]

## II. DISCUSSION

A record of trial must include items listed in R.C.M. 1112(b)(1)–(9). *See* R.C.M. 1112(d)(2) ("A record of trial is complete if it complies with the requirements of subsection (b)."). A PHO report under Article 32, UCMJ, to include its attachments, is not required content of a record of trial under R.C.M. 1112(b). However, the Government, through a court reporter, is required to attach certain items *to* a record of trial before a certified record is forwarded for appellate review. R.C.M. 1112(f). The PHO report is among those items the Government is required to attach to the record of trial. R.C.M. 1112(f)(1)(A).

Appellant's assignment of error brief alleges that the record of trial is substantially incomplete in that it omits the recording of the preliminary hearing and a preliminary hearing exhibit. As a remedy, Appellant requests we disapprove his punitive discharge, or in the alternative, "remand his case to the military judge to complete the record by including the preliminary hearing recording and originally submitted PHO Exhibit 4." The Government acknowledged the correct PHO Exhibit 4 and a recording of the preliminary hearing were both "absent from the record of trial." As both items have now been attached

---

[2] PHO Exhibit 4 consists of VG's forensic interview on two discs, each containing one video file. We note a portion of the video file contained on the first disc—from the 22:31 minute mark until the end of the file at the 33:26 minute mark—contains no viewable content.

[3] We initially denied the Government's motion to attach on 19 December 2022. However, the Government submitted a motion to reconsider on 5 January 2023. Appellant raised no opposition to the Government's reconsideration motion. We granted the Government's motion on 18 January 2023.

to the record, we find further relief is not warranted.[4],[5] Appellant alleges no other basis for finding the record of trial incomplete under R.C.M. 1112(b), and we find none.

### III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d).[6] Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT



*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[4] On 21 September 2022, we granted Appellant's motion to examine sealed materials, to include PHO Exhibit 4. Then, on 30 January 2023 after PHO Exhibit 4 was attached to the record, counsel for Appellant filed a Second Motion to Examine Sealed Materials requesting to view PHO Exhibit 4 and to determine if there was any basis for filing an additional assignment of error. Counsel acknowledged the court's 21 September 2022 order but noted the subsequent motion was filed in an abundance of caution. On 1 February 2023, we concluded Appellant's motion was moot but authorized counsel for both parties to view the sealed portions of the PHO report. We further ordered that examination of the sealed material, or submission of any filings related to those materials, shall take place not later than 7 February 2023. Appellant did not submit any filings related to the sealed materials. Appellant has not claimed material prejudice arising from the unviewable portion of the first disc of PHO Exhibit 4, and we find none.

[5] We find that the matter of the missing attachments to the record is raised by "the record," which includes "matters attached to the record" for appellate review in accordance with R.C.M. 1112(f), and thus we may consider them, along with an affidavit by an assistant staff judge advocate, in conducting our review. *See United States v. Jessie*, 79 M.J. 437, 444 (C.A.A.F. 2020) (holding Courts of Criminal Appeals may consider affidavits when doing so is necessary to resolve issues raised by materials in the record).

[6] The entry of judgement (EoJ) incorrectly states Appellant "requested deferment of the *mandatory* forfeitures of pay and reduction to the grade of E-1," (emphasis added), when Appellant actually requested deferment of "reduction in rank and the implementation of his adjudged forfeitures." The convening authority denied Appellant's request. Appellant has not claimed prejudice as to this error in the EoJ, and we find none.